UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOWARD VOGEL, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| VS. | : | |
| | : | |
| CA, INC., | : | |
| | : | |
| Defendant. | : | July 5, 2012 |

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, Howard Vogel, by and through his attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

### PARTIES

1. Plaintiff is citizen of the State of Connecticut residing in the Town of West Cornwall.

2. Defendant CA, Inc. was and is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One CA Plaza, Islandia, New York 11749.

3. At all times material, plaintiff is an employee within the meaning of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k).

4. At all times material, defendant is an employer within the meaning of: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k).

5. At all times material, plaintiff is an employee with the meaning of the

Connecticut Fair Employment Practices Act cited as C.G.S. 46a-60(a) et seq.

6. At all times material, defendant is an employer within the meaning of the Connecticut Fair Employment Practices Act cited as C.G.S. 46a-60(a) et seq.

## JURISDICTION AND VENUE

7. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, cited as 42 U.S.C. §2000e(k).

8. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

9. Plaintiff is Caucasian.

10. Plaintiff's national origin is the United States.

11. Plaintiff was employed by the defendant.

12. Defendant employs more than fifteen (15) individuals.

13. Plaintiff was hired by the defendant on October 3, 2005.

14. On December 20, 2010, defendant terminated plaintiff's employment.

15. In 2009, plaintiff was told by Dennis Kozak, a supervisory employee within defendant's international business unit, that he wanted Indian employees interacting with Indian customers and potential Indian customers.

16. Plaintiff's immediate supervisor, Steve Perlman, told the plaintiff: "you do not work and play well with the guys in India".

17. Plaintiff has always worked well and in a professional manner with all clients, customers and partners regardless of race, national original or any other member of a protected class.

18. Plaintiff complained to defendant's human resources department of the aforementioned comments.

19. Plaintiff told human resources that the defendant wanted to have an Indian employee dealing with Indian customers, clients and/or partners.

20. Defendant performed an internal investigation in response to plaintiff's complaint.

21. Upon information and belief, as a result of the investigation, Perlman was asked to restore plaintiff's strategic role and make an announcement about it on an internal team call.

22. Plaintiff's strategic role was not restored. Instead, plaintiff's job description was changed resulting in the permanent removal of the strategic component of plaintiff's job.

23. Perlman was made aware of plaintiff's complaint to human resources.

24. Following the defendant informing the plaintiff that it wanted Indian employees dealing with Indian customers, partners and clients, plaintiff suffered the following adverse actions:

(a)　denying plaintiff's transfer request;

(b)　threatening to place plaintiff on a performance plan;

(c)　subjecting the plaintiff to verbal abuse and harassment;

(d)　removing plaintiff from business meetings;

  (e)  placing plaintiff on a performance plan;

  (f)  failing to recognize and credit plaintiff's work;

  (g)  undermining plaintiff in business meetings with customers, potential customers and co-employees; and

  (h)  requiring plaintiff to reach certain metrics that were unreasonable and/or unrelated to his core job duties.

  25.  After being placed on a performance plan, plaintiff made a follow-up complaint with defendant's human resources department.

  26.  The human resources department responded to plaintiff's follow-up complaint by telling him the following:

  (a)  There was no basis for a follow-up discrimination/retaliation complaint because his job description had been changed;

  (b)  What happened in the past was irrelevant to Perlman's claim that plaintiff was not performing his job at a satisfactory level; and

  (c)  None of the details surrounding plaintiff's removal from meetings, verbal abuse, etc. were valid and no further investigation would be done.

  27.  Prior to the discriminatory comments, actions and retaliation, plaintiff received positive job evaluations and was never disciplined.

  28.  Any and all non-discriminatory excuses that may be asserted by the Respondent for the termination are a pretext to mask a motivating factor of unlawful discrimination on the basis of race and/or national origin.

  29.  Plaintiff filed charges on the following date: May 24, 2011 with the Equal Employment Opportunity Commission (EEOC).

30. Plaintiff received a right to sue letter (copy attached as Exhibit 1) on the following date: April 20, 2012.

31. Plaintiff filed charges with the Commission on Human Rights and Opportunities ("CHRO") on the following date: May 24, 2011.

32. Plaintiff received a release of jurisdiction from the CHRO on April 18, 2012.

## FIRST COUNT
**(Race Discrimination In Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))**

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

33. Defendant, by and through its agents, servants, and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's race;

   b. In that defendant limited and classified the plaintiff by his race in such a way that deprived him of opportunities and recognition given to other similarly situated coworkers;

   c. In that defendant racially discriminated the plaintiff in such a way that it adversely affected his status as an employee;

   d. In that defendant discharged the plaintiff from employment on account of his race

34. As a direct and proximate result of defendant's violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered damages.

## SECOND COUNT
**(National Origin Discrimination In Violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 cited as 42 U.S.C. §2000e(k))**

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

35. Defendant, by and through its agents, servants, and/or employees, violated Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 in one or more of the following ways.

    a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's national origin;

    b. In that defendant limited and classified the plaintiff by his national origin in such a way that deprived him of opportunities and recognition given to other similarly situated coworkers;

    c. In that defendant discriminated against the plaintiff in such way that it adversely affected his status as an employee;

    d. In that defendant discharged the plaintiff from employment on account of his national origin.

36. As a direct and proximate result of defendant's violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, plaintiff suffered damages.

## THIRD COUNT
### (Retaliation in Violation of Title VII)

1. Plaintiff repeats the allegations in paragraphs 1 through 36 above as if fully incorporated herein.

37. Defendant, by and through its agents, servants, and/or employees, violated Title VII by retaliating against the plaintiff for complaining that he was being subjected to race and/or national origin discrimination.

38. As a direct and proximate result of defendant's retaliation, plaintiff suffered damages.

## FOURTH COUNT
### (Race Discrimination Violation of the Connecticut Fair Employment Practices Act C.G.S §46a-60(a) *et seq.*)

1. Plaintiff repeats and re-alleges the general allegations set forth above as though fully set forth herein.

39. Defendant violated the Connecticut Fair Employment Practices Act in one or more of the following ways:

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's race.

   b. In that defendant limited and classified the plaintiff by his race in such a way that deprived him of opportunities and recognition given to other similarly situated coworkers;

   c. In that defendant racially discriminated the plaintiff in such a way that it adversely affected his status as an employee;

   d. In that defendant discharged the plaintiff from employment on account of his race.

40. As a direct and proximate result of defendant's violation of the Connecticut Fair Employment Practices Act, plaintiff suffered damages.

## FIFTH COUNT
### (National Origin Discrimination Violation of the Connecticut Fair Employment Practices Act C.G.S §46a-60(a) *et seq.*)

1. Plaintiff repeats and re-alleges the general allegations set forth above as though fully set forth herein.

41. Defendant violated the Connecticut Fair Employment Practices Act in one or more of the following ways:

    a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's national origin.

    b. In that defendant limited and classified the plaintiff by his national origin in such a way that deprived him of opportunities and recognition given to other similarly situated coworkers;

    c. In that defendant discriminated on the basis of plaintiff's national origin in such a way that it adversely affected his status as an employee;

    d. In that defendant discharged the plaintiff from employment on account of his national origin.

42. As a direct and proximate result of defendant's violation of the Connecticut Fair Employment Practices Act, plaintiff suffered damages.

## SIXTH COUNT
### (Retaliation in Violation of Connecticut Fair Employment Practices Act C.G.S §46a-60(a) *et seq.*)

1. Plaintiff repeats the allegations in paragraphs 1 through 42 above as if fully incorporated herein.

43. Defendant, by and through its agents, servants, and/or employees, violated C.G.S. §46a-60(a) *et seq.* by retaliating against the plaintiff for complaining that he was being subjected to race and/or national origin discrimination.

44. As a direct and proximate result of defendant's retaliation, plaintiff suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for appropriate compensatory damages including: damages for back pay, front pay, bonuses, personal days, lost pension benefits, emotional distress; consequential damages; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE: July 5, 2012

_____
James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

**EXHIBIT 1**

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Howard Vogel<br>82 Cemetery Hill Road<br>West Cornwall, CT 06746 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2011-01127 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Robert L. Sanders,
Area Office Director

APR 17 2012
*(Date Mailed)*

Enclosures(s)

cc:
COMPUTER ASSOCIATES
One Computer Associates Plaza
Islandia, NY 11749

James V. Sabatini
Sabatini And Associates, LLC
Attorneys At Law
One Market Square
Newington, Connecticut 06111-2992

**EXHIBIT 2**



## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

<u>**Howard Vogel**</u>
COMPLAINANT

vs.                                                              DATE: April 18, 2012

<u>**Computer Associates**</u>
RESPONDENT

CHRO Case No. 1130484
EEOC No. 16A201101127

## **<u>RELEASE OF JURISDICTION</u>**

Pursuant to the request for a release of jurisdiction, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint in accordance with CONN. GEN. STAT. § 46a-101. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

In granting this release, the Commission expressly finds in accordance with CONN. GEN. STAT. §§ 46a-100 and 46a-101(b) that all conditions precedent to the issuance of the release have been met. The complaint was timely filed under CONN. GEN. STAT. § 46a-82 and the complaint has been pending for a period of not less than 210 days. The complaint is not currently scheduled for public hearing nor is there reason to believe that the complaint will be resolved within a period of 30 days from the date the Commission received the request.

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

With the granting of this release of jurisdiction, the Commission administratively dismisses this complaint in accordance with CONN. GEN. STAT. § 46a-101(d) without cost or penalty to any party.

Very truly yours,

Robert J. Brothers, Jr.
Executive Director

cc:   Complainant's Attorney, James V. Sabatini, via email: sa@sabatinilaw.com
      Respondent's Attorney, Walter Johnson, III, via email: walter.johnson@ca.com